

# NUMBER 13-15-00333-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE JENNIFER MACHACEK IN HER CAPACITY AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF LAVERNE (TOBY) SMITH, DECEASED

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Longoria
### Per Curiam Memorandum Opinion[1]

Relator, Jennifer Machacek in her capacity as Independent Administrator of the Estate of Laverne (Toby) Smith, Deceased, filed a petition for writ of mandamus, a motion for emergency stay, and an amended motion for emergency stay in the above cause on June 21, 2015. Through this original proceeding, relator sought to compel the trial court to vacate its order of July 10, 2015 compelling the production of privileged documents.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

This Court granted the motion for emergency stay and requested that the real parties in interest, Andrea Gilliland and Sandra Dee Taylor, or any others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus on or before the expiration of ten days from the date of this order. Currently before the Court is relator's unopposed motion to dismiss the petition for writ of mandamus. According to the motion, on July 29, 2015, the trial court withdrew the order that was the subject of this petition for writ of mandamus. Accordingly, relator requests that we dismiss this original proceeding.

A court cannot decide a case that has become moot during the pendency of the litigation. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012)*.* A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties or if the parties lack a legally cognizable interest in the outcome. *See id.* This doctrine applies to original proceedings. *See, e.g., In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the unopposed motion to dismiss, is of the opinion that this matter has been rendered moot. Accordingly, the Court GRANTS the unopposed motion to dismiss, LIFTS the stay previously imposed by this Court, and DISMISSES the petition for writ of mandamus as moot. *See* TEX. R. APP. P. 52.8(a), 52.10(b).

PER CURIAM

Delivered and filed the
1st day of September, 2015.

2